[No. 15804. Department Two. December 14, 1920.]

CARL TRUVA, *a Minor, by Oscar Truva, his Guardian ad Litem, Respondent,* v. GOODYEAR TIRE & RUBBER COMPANY *et al., Appellants.*[1]

APPEAL (406)—REVIEW—DISCRETION OF COURT—GRANT OF NEW TRIAL. Where the trial court exercised its discretion in granting a new trial, the order will not be reviewed except for abuse of discretion.

MUNICIPAL CORPORATIONS (390)—USE OF STREETS—NEGLIGENT DRIVING—QUESTION FOR JURY. Where a child was struck by an automobile while being driven on the wrong side of the street, with an unobstructed view of the child, it cannot be said, as a matter of law, that the driver was not guilty of negligence.

Appeal from an order of the superior court for King county, Tallman, J., entered November 15, 1919, granting a new trial in a cause, upon a verdict of a jury rendered in favor of the defendants, in an action for personal injuries. Affirmed.

*James B. Murphy,* for appellant.
*Joseph M. Glasgow,* for respondent.

MAIN, J.—The purpose of this action was to recover damages for personal injuries sustained by Carl Truva, a minor, which, it is claimed, were due to negli-

[1]Reported in 194 Pac. 386.

gence chargeable to the defendants. After the issues were framed, the cause was tried to the court and a jury. At the conclusion of the plaintiff's evidence, a motion for nonsuit was made and overruled. The result of the trial was a verdict in favor of the defendants. The plaintiff thereupon made a motion for new trial based upon a number of grounds, which was granted. The appeal is by the defendants from the order granting the new trial.

On December 9, 1918, at about five o'clock, p. m., Carl Truva, then nine years of age, was struck by an automobile driven by an employee of the appellant, the Goodyear Tire & Rubber Company, a corporation. At the time of the accident, the driver of the automobile was in the discharge of his duties as an employee of the company. The accident occurred in the city of Seattle on Fourteenth avenue south, between Hill and Walker streets. Fourteenth avenue south is a paved street upon which there are double street car tracks. The boy was struck, according to the evidence offered on behalf of the respondent, to the west of the center of the street and about seventy-five feet south of the intersection of Hill street, which was the next street to the north. The north-bound traffic upon Fourteenth avenue passed on the east side of the street and the south-bound driver on the west. The driver of the appellant's car was going north on this street at the time. It thus appears from the testimony offered by the respondent that the accident occurred while the appellant's car was to the west of the center of the street, when it should have been traveling to the east thereof. It is true that the evidence offered on behalf of the appellants gave an entirely different view as to the place of the accident and the manner of its occurrence.

The order granting a new trial is general and does not specify any particular reason or ground upon which it is based. The appellants claim that the order was entered by the trial court upon the assumption that an error or errors of law had been committed. The record does not make it clearly appear that the order was entered solely upon the ground that the trial court believed that the errors committed were those of law only. In other words, taking the order entered by the court and record, it cannot be held that the court in entering the order did not exercise a discretion based upon the evidence in the case. Without assembling the authorities, it may be said that, where the trial court in the exercise of its discretion grants a new trial, this court will not review the order except in cases where the discretion has been abused. Where the trial court grants a new trial and it clearly appears that it was granted solely for the purpose of correcting errors of law, this court will review such errors upon an appeal from the order. This view of the case makes it unnecessary to consider or determine the alleged errors which the appellants claim prompted the trial court to grant the motion for a new trial.

One other question should be considered, and that is whether there was sufficient evidence to take the case to the jury. At the time the motion for nonsuit was made, the trial court withdrew from the consideration of the jury all the charges of negligence except the question whether the driver of the car which struck the boy was guilty of negligence in failing to see him, or by the exercise of reasonable care could have seen him in time to have avoided the accident. If the accident happened where an eyewitness testifying for the respondent says that it did, the automobile at the time was to the left of the center of the

street, when it should have been to the right. There was nothing to obstruct the driver's view and prevent him from seeing the child in the street. Under these facts, it cannot be said that, as a matter of law, the accident was not due to negligence of the driver of the automobile.

The judgment will be affirmed.

HOLCOMB, C. J., MOUNT, MITCHELL, and TOLMAN, JJ., concur.